UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IRIS FLORES,

                                             **MEMORANDUM AND ORDER**
            Plaintiff,                     15-CV-4364 (RRM) (LB)

           - against -

STEINWAY DENTAL LABORATORY INC.,
ET AL.

            Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

     Plaintiff Iris Flores brings this action under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). (Compl. (Doc. No. 1).) The parties have entered into a settlement agreement, and they now ask that the Court approve the agreement as "a reasonable compromise of disputed issues . . . ." *Le v. SITA Info. Networking Computing, USA, Inc.*, No. 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (internal quotation marks omitted); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) ("[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court . . . .").

     The settlement agreement provides for a total payment of $42,500 in settlement, with $21,500 payable to Flores and $21,000 payable to Flores' counsel as fees and costs. (Settlement Agreement and Release ("Settlement Agreement") (Doc. No. 18-1) at ¶ 2.) The settlement amount of $21,500 in wages and liquid damages is comparable to the $16,325 in unpaid wages that Flores calculated she is owed, and is to be paid in installments to ensure compliance. (Mot. Settlement Approval (Doc. No. 18) at 1–2.)

     In short, the settlement amount of $21,500 is a reasonable compromise of the disputed issues between the parties. It is the result of arms-length negotiations and reflects the "desire to

avoid the costs, risks, and delays associated with litigation and to put to rest any and all possible disputes between the parties." (*Id*. at 1.)

When approving the settlement amount of attorney's fees, a district court must determine whether the fees are reasonable. *See Goldberger v. Integrated Res., Inc.* 209 F.3d 43, 47 (2d Cir. 2000). Under a fee-shifting statute like the FLSA, an award of legal fees goes to the plaintiff; however, the attorney's right to legal fees comes from the retainer agreement – the private contract between an attorney and client. *See Venegas v. Mitchell*, 495 U.S. 82, 87–88 (1990).

To support the settlement component of $21,000 in legal fees, Flores's attorney, Adbul Hassan, cites *Venegas v. Mitchell*, 495 U.S. 82 (1990). In *Venegas*, the court noted that an award of legal fees under a fee-shifting statute like the FLSA goes to the plaintiff; however, an attorney has a right to those legal fees as a result of the retainer agreement – the private contract between an attorney and client. *See Venegas*, 495 U.S. at 87–88. An attorney's fees pursuant to a retainer agreement may exceed the lodestar due to the client under a fee-shifting statute. *Venegas*, 495 U.S. at 89–90. Here, Hassan's contingent fee contract with Flores allows for:

> [T]he greater of:
>
> (a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or
>
> (b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or
>
> (c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

(Suppl. Mot. (Doc. No. 19) at 2–3.) Nevertheless, "a fee award must balance the public policy of enforcing the FLSA with the 'overarching concern for moderation.'" *Monserrate v. Tequipment, Inc.*, No. 11-CV-6090 (RML), 2012 WL 5830557, at *4 (E.D.N.Y. Nov. 16, 2012) (quoting

2

*Goldberger v. Integrated Res., Inc.* 209 F.3d 43, 53 (2d Cir. 2000)); *see also Dajbabic v. Rick's Cafe*, 995 F. Supp. 2d 210, 212 (E.D.N.Y. 2014) ("Congress's intent was decidedly not . . . to create an incentive for counsel to prioritize their interests above those of their clients . . . ."). "The defendant is not . . . required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989); *see also Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 26 (N.D.N.Y. 2015) (reducing the $1,100/hour fee of Paul Clement, a well-respected Supreme Court litigator, because "[t]he non-prevailing party should not be required to pay for a limousine when a sedan could have done the job") (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 177 (2d Cir. 2009)).

The lodestar method, which requires taking the product of a reasonable hourly rate and the reasonable number of hours required by the case, "yields a fee that is presumptively sufficient" to "induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Hassan represents that a $450 per hour lodestar rate is appropriate, given his expertise, experience, and reputation. (Suppl. Mot. at 3.) Hassan further represents that he has fifteen years of experience as a solo practitioner and has litigated more than 300 employment or wage cases in federal courts in New York. (Mot. Settlement Approval at 2.) Attorneys with similar levels of experience are typically awarded between $300 and $400 per hour. *See Jean v. Auto & Tire Spot Corp.*, No. 09-CV-5394 (ARR) (RLM), 2013 WL 2322834, at *6 (E.D.N.Y. May 28, 2013) (finding that the request for an hourly rate of $450 from an attorney with more than 15 years' experience as a litigator was higher than the rates typically awarded to experienced attorneys handling FLSA cases, which usually range from $300 to $400 per hour) (citations omitted).

Here, at the hourly rate of $450, the lodestar figure appropriate for Hassan's 94 hours of labor is $42,300. If Hassan's lodestar figure were to be calculated at the low-end hourly rate of $300, it would come to $28,200. As requested in the settlement agreement, the $21,000 in legal fees – reduced by $1,129.50 in costs – comes to the equivalent of an hourly rate of $211.38. This hourly rate of $211.38 is below the accepted range for experienced practitioners in Hassan's position, is far below the suggested lodestar rate, and shows a significant discount in Flores's favor. Accordingly, the Court finds the $21,000 in legal fees to be fair and reasonable.

## CONCLUSION

For the reasons set forth in this Memorandum and Order, the parties' joint motion to approve the settlement of this action, (Mot. Settlement Approval (Doc. No. 18)), is granted.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
February 2, 2017